IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01236-GPG

DONNIQUE HESTER,

    Plaintiff,

v.

DARIN K. JOKO,
BRENDON G. KEEFER,
AMBROSE D. SLAUGHTER,
JACOB L. MARSH,
RAMONE D. YOUNG,
JAY S. CASILLAS, JR.,
BRENT C. KOHLS, and
ANDREW RICHMAN,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff Donnique Hester currently is detained at the Denver County Jail in Denver, Colorado. He initiated this action by filing *pro se* a copy of the Information and Instructions for Filing a Prisoner Complaint, on which he signed and dated the example of a certificate of service on Page Two of the instructions. Magistrate Judge Gordon P. Gallagher, therefore, on June 12, 2015, entered an order, ECF No. 3, directing Plaintiff to cure certain enumerated deficiencies within thirty days if he wished to pursue any claims in this Court in this action.

    The June 12 Order pointed out that Plaintiff failed to submit a Prisoner Complaint form stating his claims and to provide the information that is required in a Court-

approved Prisoner Complaint form. Plaintiff also failed either to pay the $400.00 filing fee or in the alternative to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 Court-approved form. The June 12 Order further pointed out that Plaintiff failed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing.

Plaintiff was directed to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint, and to use those forms in curing the designated deficiencies. The June 12 Order warned Plaintiff that if he failed to cure the designated deficiencies within thirty days the action would be dismissed without prejudice and without further notice.

On June 19, 2015, Plaintiff filed a Letter, ECF No. 6, that states he sent an account statement to defendants, but he would "redo it." Magistrate Judge Gallagher entered a minute order on June 22, 2015, that acknowledged the Letter, again directed Plaintiff to comply with the June 12 Order within thirty days, and warned him that if he did not comply within thirty days the action would be dismissed without further notice.

Also, on June 22, 2015, Plaintiff filed two complaints. (The complaints were not entered on the Docket until June 24, 2015.) Plaintiff names the same defendants in each complaint, but he asserts different claims in each complaint. Plaintiff also submitted an account statement, an Authorization to disburse funds from his account to pay the filing fee, and a Certificate that the account statement is an accurate copy. *See* ECF No. 11. Plaintiff, however, did not submit a complete Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

Even though, Plaintiff did not comply with the June 12 Order to Cure as directed, Magistrate Judge Gallagher afforded Plaintiff an additional twenty-one days to comply. Plaintiff was told to file only one Prisoner Complaint that includes all of his claims and to submit a complete Prisoner's Motion and Affidavit form.  Plaintiff also was told that if he failed to comply within the time allowed the action would be dismissed without further notice.

On June 30 and July 7, 2015, Plaintiff filed inmate accounts statements.  Then on July 22, 2015, Plaintiff filed a letter that is addressed to the Chief of Police in Denver, Colorado, and states that he is filing charges against the officers who apprehended him on March 20, 2015, and requests an investigation of this incident because he was subjected to excessive force by the officers.  None of the filings submitted by Plaintiff subsequent to the June 25 Minute Order are responsive to that order or to the June 12 Order to Cure.

Plaintiff has been given two opportunities to comply with the June 12, 2015 Order to Cure but has failed to do so within the time allowed.  The Court, therefore, will dismiss the action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma paupers status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pampers in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

Case 1:15-cv-01236-LTB Document 15 Filed 07/24/15 USDC Colorado Page 4 of 4

ORDERED that the Complaint and action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure all noted deficiencies. It is

FURTHER ORDERED that leave to proceed in forma pampers on appeal is denied.

DATED at Denver, Colorado, this  24th  day of    July       , 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court